The second case is 23-6604, United States v. Shanton. Mr. Patel, good to see you. Good morning, Your Honors. At issue in this case is whether Maryland robbery qualifies as a violent felony under the Armed Career Criminal Act. It does not after Borden v. United States because it can be committed with either the negligent or reckless use of force. Indeed, Judge Walton of the D.C. District Court concluded exactly as such upon carefully analyzing Maryland law, and this court should follow. And specifically, Your Honors, there are three points that are critical to the analysis here. So starting with the first point, it's undisputed that Maryland robbery can be committed with larceny plus battery, and it's undisputed further that Maryland battery can be committed with the reckless use of force. Therefore, it follows that Maryland robbery can also be committed with the reckless use of force. Now, absolutely critical, Your Honor, to the analysis is this court's decision in United States v. Wreck because there the court used the same reasoning to conclude that Maryland first-degree assault fails to qualify as a violent felony. There, the court reasoned that because Maryland first-degree assault can be committed by a battery and because battery can be committed by reckless use of force, so can Maryland first-degree assault. So I think I understand the red case and your argument that is similar. Maybe a difference, maybe it doesn't matter, is that the offenses there were codified, so we had a little more clarity or basis for that kind of one plus one equals the result. Here, it seems like to me, I get your argument, I understand how we do that, but it seems to me the question is in deciding whether robbery can be committed by reckless battery, we have to decide whether we look at the cases, all cases involving battery or whether we look at the cases involving robbery that discuss battery because if you look at the cases involving battery, I think you're right. There's one, there are cases that say it can be committed recklessly. But in the cases where Maryland has addressed robbery, its discussion of battery, I'm not talking about just the fact that it's intentional, it's actually discussion of battery uses words like applied force and has the battery, even the Snowden case, has battery with violence. And so it seems like we have a fundamental question of do we look at the battery cases that don't involve robbery and count those or does Maryland treat battery in the robbery context different? And it seems to me that's the fundamental question. If you look at them all, you're right. There's some cases that talk about recklessness. As you answer that, I know it's a long-winded question. But it feels like our Johnson case, while it's a different issue, it's about the degree of force, kind of is instructive that we don't do this mechanical approach like we're doing, like you're suggesting. Your Honor, the syllogistic reasoning there in Martin Johnson was critically different. So there also, you're correct that we were arguing that Maryland robbery incorporates battery. And there we were arguing battery can be committed by the actus reus of de minimis force and so can then Maryland robbery. Now this court rejected that argument, but it rejected that argument because there was specific case law saying that when Maryland battery attaches to Maryland robbery, the actus reus does change, right? It elevates from one requiring de minimis force to the quantum of force of injury or sufficient force to overcome victim resistance. And those actus reuses equal violent physical force. But here, in stark contrast, there is no case law that says when the mens rea, the mens rea battery changes when it attaches to robbery. So this is like U.S. versus red, because in U.S. versus red, the government was making the same argument. They were saying when battery attaches to Maryland first degree assault, it automatically transformed because of the firearm element. And the court said no. Why? Because they couldn't point to a single case which said when Maryland battery attaches to first degree assault, that it takes on a unique meaning. Does it have to, I mean, you know, certainly if there's a case that addressed that specifically and says it takes on a new meaning or doesn't, we wouldn't be here, right? We'd have absolute clarity. I think the question is whether the Maryland robbery cases, you know, Cooper and others that talk about like application of force, you know, whether that connotes intentional acts. No, it doesn't, Your Honor, because even if you look to red, it was the use of force, like, right? It was the use. And so just the word use of force isn't sufficient. It's good to look here. It's helpful to look at Borden. So in Borden, they said it wasn't the words use of force. It was use of force targeted against another, the use of force against the person of another. The Maryland cases don't say that. They just say that there must be a Maryland battery plus larceny and then rely on the What's application of force against another? What's the difference of that? Let me finish. I mean, the various cases talk about the application of force against another. That seems pretty close to what, you know, Borden's talking about. I don't think so, Your Honor, because those cases don't say there has to be application of intentional force against another. There's two cases also, Your Honor, that I wanted to point the court to. So we have U.S. versus Wallace, right? This is and I cited to another case, U.S. versus Weems in my reply brief. And there the court said that Maryland's second degree assault, which incorporates and which can be committed by a reckless battery, is a lesser included offense of Maryland robbery. And therefore, both of those cases, Wallace and Weems, make clear that both offenses can arise out of a reckless or intentional transaction. So in Weems, I'll start with that first. The court found that both second degree assault, which can be committed by reckless battery and robbery, merged because they arose out of the same intentional or reckless act. That was a quote that was in the verdict form there. It was a bench trial and the offenses rose out of the intentional or reckless act. And the court said they merged. So that tells us that Maryland robbery affirmatively can be committed by a reckless act. In Wallace, the court approvingly cited to jury instructions advising that the second degree assault element of Maryland robbery can be committed by a reckless battery. And then the court found that the verdict was legally inconsistent when the jury acquitted the defendant of second when both arose out of the same transaction. So your honor, we have that case law. We also have the case law that Judge Walton astutely cited to, which says that the battery component of Maryland robbery does not have to be committed with the purpose of effectuating the larceny. So in other words, the battery and larceny do not have to be contemporaneous and coincide. So this means that the battery doesn't have to be planned to carry out the larceny. The larceny can be an afterthought. So if I recklessly run into somebody on the street, knock that person down, and thereafter decide to take the wallet of the downed victim, that's robbery. Does Maryland affirm a conviction on facts like that or similar to that? No, they have not, your honor, but that doesn't matter here. I think you're getting to the probability. It seems to me that's, and your point seems to be, if not rebutted, maybe at least put into serious question by the court's recent decision in Dixon when we asked it to decide whether robbery could be committed by a threat of sodomy. And the court went through and explained the whole history of robbery and basically kept focusing on the fact that it has to be accomplished, that the taking has to be accomplished by violence or the threat of violence. It doesn't hit you head on, but it certainly suggests that there has to be some link. Like, because if there's too big a gap, you will have an assault claim and a larceny claim. That gap has to be sufficiently closed so as to make it robbery. And of course, it's a specific intent crime and mens rea would normally go through all the elements of the crime. So there's several things, your honor, that I want to point out. Take whatever you want. So first of all, Dixon, your honor, very different issue. Issue was about threatening property or accusations of sodomy. The second thing, your honor, you talked about violence. My point from Dixon, and Dixon's very informative, they started with the common law and said we have, this is going back to 1700s, that we have modified the common law in a lot of respects. And they then reiterated the formulation that they take to be Maryland robbery. And it seems to me a lot of those articulations say it has to be accomplished with force. It has to be done by force or even with the use of force. They use the word use sometimes. So these statements suggest that there's not such a gap that you are hypothesizing, especially when we have cases that do that. But your honor, okay, so several things. First of all, if the larceny and the battery have to, they don't have to be contemporaneous. It's the same general occurrence or same episode, but that means it can be reckless. But also, your honor, you also said that- But they have to be linked somewhat. They don't have to be contemporaneous, but they have to be linked so closely that the taking was accomplished by the force. And there has to be a specific intent for all of it. Your honor, no, there doesn't have to be a specific intent through all of it. I think if you look at every case that the government cites to on specific intent, it specifically says specific intent to steal. It doesn't say that the battery element requires a specific intent. No, it doesn't exclude that the force has to be specific intent too. Your honor, in U.S. v. Red, the government was making the same argument. They kept on saying that, look, Maryland first degree assault is labeled a specific intent crime. And this court called out the government and said that was misleading because it kept on citing to a part of the statute that wasn't relevant to a different part of the statute. And it's the same thing happening here, your honor. They keep citing to a part of the statute that doesn't matter. I mean, the point is they don't have to be contemporaneous. When you combine it with the case law that says Maryland robbery includes, as a lesser included, second degree assault, and that second degree assault can be committed by a reckless act- Yes. The question I asked you earlier about the lack of a Maryland decision affirming a conviction on facts similar to the hypothetical you pose or anything like it. And the reason I ask that, I recognize that it's not this positive. You indicate correctly, I think, that it doesn't end the analysis. But it certainly is relevant, I think. And given the sort of dearth of case law, why wouldn't the prudent course of action for the court be to certify this question to the Maryland High Court? Your honor, that is definitely an option. But this court didn't do so in U.S. versus Red, where even in that case, there wasn't a single case, not one, where even in DICTA, the court had said that Maryland courts had said that first degree assault can be committed by the reckless use of force. But what this court did is looked at the combined case law. And when it looked at the combined case law, it said there was a possibility that Maryland first degree assault can be committed by the reckless use of force. Is a possibility enough, or is it a- There was a realistic probability. They said that it was satisfied, even though there wasn't a single case. The difference, counsel, is, I mean, it may not be enough of a difference. That's your argument. But the way the statute lays things out in the Red case, to me, presents your, you know, your syllogistic argument more clearly than it does with what seems to be ambiguous case law at best here. Well, your honor, I would disagree. I mean, that's not what the court said in Red. And the statute was unclear. So the court had to go to the case law. And so this is a very important quote. This was the conclusion in U.S. versus Red. Tying it all together, Maryland first degree assault is simply second degree assault, plus a statutorily defined aggravating factor, such as use of a firearm. And they're also important. They said use of a firearm. But still, they said it could be committed recklessly. And then they say, and Maryland second degree assault encompasses unintentional battery, which can be committed with a mens rea of recklessness. So if an individual commits a reckless battery with a firearm, he has committed first degree assault. That's a conclusion. That's exactly what we're talking about here. They weren't looking at the statute. They were looking at the Maryland case law, interpreting the statute. Your honor, the Maryland common law case law, the same case law that we're relying on here. There's one point also, I wanted to get back to Judge Niemeyer. You had a bunch of questions. I don't think I answered them all. But one thing that the government keeps saying is that the battery is referred to as violence under Maryland robbery. And so that means there must be the intentional use of force. But no, your honor, because violence can be committed by injury or sufficient force overcoming resistance. And injury can be reckless. We know that. Because in Borden, the aggravated assault statute had a serious physical injury element. And the court still said it could be committed by the reckless use of force. And I urge the court to look at the Solicitor General's brief in U.S. versus Borden. Because they cite to that and they say, look, Maryland robbery can be committed by injury. And under common law, injury in robbery statutes could be committed recklessly. So in Borden, the Solicitor General's warning, the Supreme Court, if you find that the ACCA violent felony definition excludes reckless use of force, then that means Maryland robbery, along with a handful of other statutes, are going to qualify or aren't going to qualify as violent. And that's coming from the Solicitor General in Borden, your honor. And that's consistent with the case law that I described, your honor. So I think that red, your honor, is dispositive here. But actually, we have even more than red. Because we have the Stabany and Metheny line of cases, which tell us that the battery doesn't have to be preplanned. And then I don't know what the government's response is to these cases, like Weems and Wallace, which say Maryland second degree assault, which can be committed by a reckless battery, is a lesser included of Maryland robbery. And they both offenses can arise out of the same act. In Wallace, your honor, Mr. Patel, you're over your time. Oh, I'm sorry. I got so involved. Since you ended with the question about you don't know what the government's response is to those cases, let's hear from the government. Okay, thank you. Medinger. May it please the court. Your honors, my name is Jason Medinger. And I'm here on behalf of the United States. Your honors, we have to recognize Maryland robbery for what it is. It is a violent felony. It is a specific intent crime. Violence has to be directed at the person of another. Robbery is the quintessential violent felony. That's what the Supreme Court said in Stokely. And this court in Johnson said that it meets the force clause of the ACCA. So we respectfully ask that this court would reconfirm that and find that Maryland robbery is a violent felony. I'd like to start with Maryland law, if I could. Maryland law has said time and time again that this is a specific intent crime. But specific intent as to what? All of the elements or the intent to deprive? So we submit, your honor, that it's as to all of the elements for a variety of reasons. But the best case that I'd cite for you is the Rayford versus State case. And that's a case where it says, quote, the force has to be directed at the victim. And that's an important point that we've been trying to figure out here. Because Borden says, as soon as it's directed at another individual, that's purposive. That is intentional. And that meets the violent felony test. The other case that I'd cite for you is Methony. And I know that's a case both of us talk about. Methony actually has language which I believe supports the government's position. Specifically, if you read it, with regard to the force element, it says you have to use force to, quote, neutralize the victim. And again, when you're neutralizing somebody, you're doing it in a purposive, intensive way. And this gets to Judge Niemeyer's colloquy with my colleague, the idea that there has to be some linkage. There has to be some connection. Because after all, if you read the definition of violence, the definition of robbery, the taking is done by violence. In other words, that word by has to do some work. There has to be some linkage between the two. Otherwise, it's separate. So in Mr. Patel's example of a motorist who gets into an accident and disables or incapacitates a victim, and then at that moment decides to steal the victim's wallet, is that robbery under Maryland law? So it's going to depend on the force application, Your Honor. And I think in our view, if you have intentional force that's directed at someone to effectuate the taking, it's going to be robbery. So, but in my hypothetical, the force is the result of an accident. The victim is incapacitated, unconscious. The driver, the other driver then walks over to the victim and steals his wallet. Is that robbery under Maryland law? Yeah. So, Your Honor, our view is that it is not. And it's not because, again, the force element requires a purposive, intentional use of force. The force has to be directed at the person. So in the reckless hypothetical, you're not directing your force at anyone in specific. You are tripping down the street. And then, you know, you knock someone down. So it sounds like your position is there's not something that explicitly says that you have to have specific intent on the battery portion of the crime. But the language about, you know, the force directed at, the neutralization, the application of force, those things suggest that. Is that right? Well, yes. And we would go a little further, not just suggest it, but confirm it and argue, like it has to be directed at. But I will also just say, Your Honor, the cases that we cite about this being a specific intent crime, many of the cases that we cite don't parse it up quite as finely as the defense would want you to. But again, under apparitio soria, we have to respect and honor what Maryland courts say. And they just say categorically, this is a specific intent crime. I think when they say that, we should believe them. What's your position about red and how it applies here? So I actually agree with the position that I think you were staking out, which was, red involved Maryland first degree assault. That is a statutory crime. So the Maryland legislature codified it. They split up first degree, second degree, and then reckless endangerment. They put various mens rea with regard to the various modalities of first degree assault, a completely different case. Maryland robbery is a common law crime. And that frankly should drive all the analysis here. Because as a common law crime, that means a number of things. First of all, in McDaniel, this court said, recklessness wasn't even a thing in common law. And it is messy and an inappropriate proposition to try to graft recklessness principles into what is a common law crime. So that's number one. Number two, in Rahafe, the Supreme Court said that in common law crimes, common law in general, we are going to have a singular mens rea that applies across all the actus reus elements. And that's why Rahafe came out the way it did. So that's why I agree with you, Judge Niemeyer, on what you had indicated, that yes, the mens rea should apply to all the elements. In a common law setting, that is true. I think we held that too. And unless the legislative body indicates a bifurcated mens rea, that the mens rea of a particular crime applies to all elements of it. That's correct. And so that's our position. And so because red was a statutory crime, it gets put over here. Because marijuana robbery is a common law crime, it goes in this other bucket. And so that's why we think that's an easy distinction for this court to make. What about the Wallace and Weems cases that your colleague says suggest the other result? So I appreciated that he cited those. But again, I don't think those speak to this question at all. Again, it's again, sort of syllogistic reasoning. But what I'll say is, when you're talking about lesser included crimes, that just doesn't really tell you a whole lot. Like in other words, reckless endangerment could be a lesser included of first degree murder. But there's a lot of other steps you got to do to get up to first degree murder. And here we're talking about, what is the delta between an assault conviction and a robbery? There's a lot of elements that you have to do between there. And our view is, one of the differences under Blockberger, one of the extra elements that you have to do is purposeful force. And so it's just clearly different. Yes, it might be a lesser included, but that just doesn't matter. The other thing that I wanted to touch on just briefly, before you get to that, and I recognize that the district court in this case and redacted Judge Walton was applying the guidelines and not the term violent felony under the statute. But I mean, that opinion, even if you disagree with it, seems to be pretty thorough and thoughtful and raises a question at least as to whether what Maryland would do if faced with this question. So two questions. First, where did Judge Walton go off the rails if you think he did? And second, why wouldn't that suggest that given that a fairly thoughtful judge decided against you that this is a matter properly to be presented and set before Maryland's high court? Great. So thank you, Chief Judge Diaz. I'll answer both of those in order. Number one, with regard to where we part company with Judge Walton on his analysis, it really involves this battery element. And I'm glad to have the opportunity to discuss it. He took the idea that the actus reus element, the force element was battery. And then he went down the rabbit hole that the defense wants you to go down. But that's not the element. The element is violence and it's different. And if it actually were battery, this case, this court's decision in Martin Johnson would have come out an entirely different way. So we're talking about battery now in terms of the mens rea element, okay? But the issue of battery and the quantum of force required for battery was that issue with Johnson. And so we all know that battery is something that can lie for mere de minimis force. That sudden snatching that we said is not going to be enough. This court rejected the idea that battery is an element. It's not. The word is violence. And it has to be an elevated violence because sudden snatching isn't enough. And so Johnson would have come out differently if they are right. The other thing that I'll say is if you read Maryland cases, it never says that battery is an element. Look at the Maryland pattern jury instructions. They don't say that you have to do battery. It's by force or threat of force. If you read all the cases, they say by violence. There's just that one Snowden v. State case where they said in parentheticals the idea of battery. And Judge Walton took that, unfortunately, and ran with it, in our view, at odds with what Maryland law says. So make sure I understand that. You're rejecting the notion that battery is an element. Maybe this is a distinction without a difference. I thought the argument from the government was that, yes, battery, but it's battery committed with intentional force. Maybe that's just semantics. But you now seem to be saying battery is not even the issue. It's just violent force. Is there anything about... I'm not sure I'm saying that right. But I'm just trying to figure out what you're arguing. No, appreciate it, Your Honor. And I think it is semantics. And this is why I'm using it the way I'm using it. When my colleague, Mr. Patel, uses battery, he means simple battery, de minimis force, reckless conduct. And when we're talking about robbery, we're talking about violence of quantum of force that's appropriate for Johnson and purposeful. So it is a little bit of semantics. But I do want to draw that distinction that we're not talking about simple battery. Maryland cases seem to use different words for the force. They use the word accomplished by force or use of force or just by force. And I don't know if they're all intended to mean the same thing. I do know that, I think it was Justice Kagan did the analysis of what the word use means. It's purposeful or stroking. I know one of those opinions analyzed the verb, which they found quite important. When you direct it at somebody, you accomplish it by something. It links it and it directs it and makes it purposeful, I think. And it depends on what particular formulation you get from the Maryland cases. But I have noticed that they've used different verbs, so to speak. So they certainly have at times, Your Honor. But I would agree just generally that all of the cases, again, I think we can go back to the idea that this is common law. This isn't something new. And we know what common law battery is. In Stokely, the Supreme Court said common law battery is the quintessential violent felony. And I think that should really inform our analysis here. Chief Justice, I did want to get back to the second part of your question, which was should we certify this to the Maryland Supreme Court now? We respectfully submit that we don't have to. We think this is clear. But certainly if this court did that, we respectfully submit we know how it would come out. And I think we know how it would come out because this gets to your other line of questions with this realistic probability test. In other words, Maryland has more than 200 years of jurisprudence. And I'm not aware of a single case which splices up the mens rea element the way the defense is professing that it does. So that's an interesting argument. And we've talked about that in cases. But what's the relevance of that after Taylor? So I submit, Your Honor, that this court does apply the realistic probability test to this line of cases. So it did it in Ogle. Also, the Supreme Court in Moncrief has said what it said. But Taylor tells us if it's, and I think this is how I looked at it. Taylor tells us if the elements are clear that force is not required, whether there's cases, yeah, not only is not determinative, I read it as almost to be irrelevant. But the first part of that, what I said, I think is important. There, it was more clear, arguably more clear that the elements did not require force. Whereas here, that's the kind of fundamental question. Does that make sense in terms of how Taylor applies here? So it makes sense, Your Honor. But I will say that there is a little bit of fluctuation in terms of some courts are looking to this reasonable probability test. And some are saying, well, it's not required here. And I just know this court in Ogle did it. There's also two other cases that I think are important to mention here, both Dr. and Burns-Johnson. Those are cases from 2016 and 2017 in this court. And there, there was this question of, can you commit an accidental robbery? In other words, this idea of negligently tripping down the street and then getting a robbery. Granted, these are pre-Borden, I understand that. But this court was looking at the realistic probability test in both of those cases and said, there's no way, we see nothing in North Carolina law or South Carolina law that would even remotely suggest that this is gonna lie for these kind of robberies. And so I've just seen time and time again, this court apply the realistic probability test. And so I think it's an appropriate yardstick. And I think it should speak some volumes here. Your Honor, I did wanna briefly touch on Stoeckling. Cause I think a little bit of history can help shed a little bit of light here. So we're construing the ACCA and Stoeckling ran us through the history of it. And if you look at the first iteration of this in 1984, robbery was one of the crimes that Congress enumerated that said, this shall be an ACCA predicate. And it defined robbery in ways that is essentially indistinguishable from Maryland common law robbery. Okay, so then flash forward to 1986 when they expanded the ACCA to what we have today. And so our argument is, if you look at the history of it, clearly this is something that must be included. In other words, Congress meant for typical common law robbery which Maryland is to be within the field of what the ACCA covers. And so I think it'd be surprising to say that it is somehow now out when it was the first thing that was there and there's no reason to suggest that it should be out. And as I did wanna mention just a couple other brief secondary points if I could. Maryland robbery is keyed to federal bank robbery. So if you look at 18 USC 2113, they have the same sort of by force or threat of force language. And the Maryland cases talk about how we wanna construe ourselves in peri materia with federal bank robbery. So I do think to accept the defense argument would have some inappropriate second and third order ramifications. There's just a lot of statutes that have by force or threat of force. And Supreme Court has been very clear, we shouldn't interpret statutes in a way that are self-defeating. And I think to accept the defendant's premise here would do just that. So I'll just end where I started unless there's any other questions. Just to say, we think this is the quintessential violent felony. And as such, we respectfully ask that this court so find. Thank you very much, Mr. Mettinger. Mr. Patel. Thank you, Your Honor. Just a couple of points. So going back to your question, Judge Guadalbom about the application of force or the use of force. Again, red is very central here because there the court was looking at the Maryland second degree assault statute which included second degree assault definition which included battery and specifically said it requires unlawful application of force to the person of another. Yet this court still found that it can be committed with the reckless use of force. And taking us back to Borden. So in Borden, it wasn't just the word use of force, right? That the court said required intentional use. It's use of force targeted against the person of another. And they said those two together meant there had to be intentional use of force because before that, we had Boisin and the Supreme Court's decision in Boisin there was that language use of force. But the court said that wasn't sufficient because in Boisin, when the court was interpreting the 922 G9 force clause statute it said it can be committed recklessly. So the words use of force are not dispositive are not relevant here, Your Honor because again, because of Borden made that clear it's not just use of force or application. Except Borden went a little broader. I mean, in the discussion in Borden against the person was necessary in order to bring it out of the property and the idea it's against the person, the threat of a person. But the court did cite Boisin and said means the volitional or active employment of force. And then it says, as just explained this is now from Borden. Use of force denotes volitional conduct. So it's not necessary to have the object that's directed against the person. I mean, against the person. The fact, of course, the court later pointed out that against is very helpful.  But the use it acknowledged was the volitional aspect. And of course, then Justice Thomas joined to make the- But I think volitional isn't enough because of course, in every offense you have to, you're knowingly doing the act but that's not enough. It's whether you're knowingly doing the act with the purpose of creating injury, right? Like, so just knowingly do it. So if I'm running, yes, I know I'm running and I'm intentionally running but Borden requires more than that. It requires harm directed against another. So that's different. Also- Did Stoeckling talk about use carries purpose? That when you use it, it means it's purposeful. It can't be accidental. No, Your Honor. I don't think Stoeckling says that. Stoeckling was very different case. Wasn't about the mental state. It was about the actus reus. I don't think it says that at all. But Your Honor, also, I wanted to point out Judge Quattlebaum, you asked about the realist- I'm reading from locale. I got the wrong one. It said, the most common employment of the word use connotes the intentional availment of force. That's from locale.  I mean, that's the idea.  That's the one that was picked up. Subsequently, Boisin still said use of force wasn't sufficient. That could encompass reckless use of force. So I think the against-the-person language was very critical to the board and decision, which none of the Maryland cases use. The Maryland cases, I thought, use stronger words than that. They use words like accomplished, directed. They have different formulations. They use accomplished by force or when they recite- And Your Honor, all of that was also available in U.S. v. Red. Yet this court, interpreting the same- Yeah, but they were interpreting the battery element and using, they said, unlawful application of force. And there was also a firearm element there and use of a firearm. You need to use the battery cases in order to get to robbery. And robbery is not battery. Robbery has its own defined term. And it seems to me the best help we can get is to look at the robbery cases. So Your Honor, again, I would really encourage the court to look at Wallace v. State because there, again, the court said second degree assault is the lesser included. I know, but that says nothing about the first. A lesser included means the first has sufficient elements to cover the second. But Your Honor- But it doesn't mean the second dictates what the first is. Well, Your Honor, I think importantly, though, in that case, the court approved a jury instruction on Maryland second degree assault and specifically said, in the context of a robbery case, that the contact must be the result of an intentional or reckless act. And so it's not just that it's a lesser included. They specifically instructed on second degree assault and then said, because there was an acquittal on second degree assault, it was legally inconsistent with the robbery offense. And in Weems, Your Honor, again, I think that these are really, really important cases. The verdict form reflected that the acts, the robbery and the second degree assault, were the result of an intentional or reckless act. And the court said they had to merge. So they're talking specifically about intentional or reckless in those cases. I think your syllogism is an interesting syllogism. And there's a lot of logic about it. But your entire argument in your brief end today is analyzing either assault or battery as crimes. And in every instance, you have to start taking a question of whether that is meaningful to robbery. When we have case after case on robbery and we don't have the attributes that you attribute to assault or battery. Your Honor, it's the same thing here. There's not a single case, though. Government was making the same argument on Maryland first degree assault. There wasn't a case in Maryland first degree assault which said when battery attaches to Maryland first degree assault that the mens rea changes. And it's the same thing here. We can look at every robbery case. Not one of them says that it changes. And it's upon them, Your Honor, at this point. It's just the opposite. They don't use the word battery when they describe the elements. The one case that has is parenthetical, but it has been later. But Your Honor, it's not this. It's Snowden. It's a Supreme Court case from Maryland that says that battery is an element. And then you have Fetro versus State, another case which also says the same. Your Honor, so it's absolutely clear. And then in this Wallace case, in this Weems case, battery is a very important component. It's a component of Maryland robbery. And just because- Is it statutory battery or common law? No, no. It's common law battery. It's all common law. And it's that common law battery that was incorporated into the definition in first degree assault also. We're talking about the same type of battery, Your Honor. And when you have that syllogism, when you have the logic that tells us that Maryland robbery incorporates reckless battery, then there has to be something else telling us that it doesn't. And we don't have that here, just like we didn't have in red under first degree assault. Your Honor, Proctor is also another case I would urge the court to look at because the same thing was going on there. That was about the actus reus. But the government was arguing when battery attached to the higher offense of assault with intent to prevent lawful apprehension, that there also, it changed. And the court said, no, you have to come up with a case that says that it's different once it's elevated. And they haven't done that here. And that wasn't in Proctor, done in Proctor. And that wasn't done in red. There's one more thing I can talk about, the realistic probability test. You're well over your time on rebuttal. Okay. Thank you very much. Thank you, Your Honor. You know, by stopping, you avoid a ticket for going through. We thank both counsel for their excellent arguments. We'll come down and greet you and take a brief recess before moving on to our final two cases.
judges: Albert Diaz, Paul V. Niemeyer, A. Marvin Quattlebaum Jr.